SCANNED at BOF and Emailed on
\_12/22/23\_ by \_PM\_ - \_21\_ pages.
(date)      (initials)    (num)

FILED
12/22/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, DIVISION

Eric D. Crum,

    Plaintiff.

SS: )
)
)
)

CAUSE NO: 22D01-2004-F4-617

3:23-cv-236-RLY-CSW

-Vs-

JACK HENDRIX, Director of Classification,
For the Indiana Department of Correction,
In his official and individual capacity.

    Defendant.

## **Amended 42 U.S.C. § 1983 Civil Complaint**

**Introduction**

1. Plaintiff's claims that they have been deprived of earned credit time to which they are entitled under law is properly brought under 42 U.S.C § 1983, because they challenge the procedures by which their sentence is determined by Defendant. (In contrast with challenging the fact or duration of their sentence which is properly brought under 28 U.S.C. § 2254).

**Jurisdiction, venue, cause of action**

2. Jurisdiction is invoked pursuant to the United States Constitution and 42 U.S.C. § 1983 to redress the deprivation of those rights by person(s) acting under the color of state law.

3. This court has jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory and injunctive relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1343; 28 U.S.C. § 2201; and 28 U.S.C. § 2202.

6. Plaintiffs brings this case pursuant to 42 U.S.C. § 1983, to redress the deprivation, under the color of state law, of rights secured by the laws or Constitution of the United States.

1

**Parties**

7. Eric D. Crum, is an adult person sentenced to the Indiana Department of Correction (DOC) after conviction of a crime and confined at Branchville Correctional Facility, 21390 Old State Road 37 Branchville, Indiana 47514.

8. Jack Hendrix is the Director of Classification for the Indiana Department of Correction, 302 West Washington Street Room E-334 Indianapolis, Indiana 46204.

**Factual allegations**

9. Defendant has developed and implemented a policy or practice that deprives Plaintiffs of earned credit time in violation of state law, and rights secured by laws or Constitution of the United States.

10. Pursuant to the Adult Offender Classification Policy, A.P. 01-04-101, the Commissioner has designated Defendant as the Commissioner's designee in matters of classification.

11. Defendant's duty is to develop, implement, operate, monitor, evaluate, and revise the Department of Correction classification system. Id.

12. HEA[1] 1120 was passed into law in 2020 (effective July 1, 2020).

13. HEA 1120 states that the earned credit time that an offender may earn is:

(9) An amount determined by the Department of Correction concerning the individualized case management plan; not to exceed the maximum amount described in subsection (j)

(j) The maximum amount of educational credit a person may earn under this section is the lesser of (1) two (2) years; or (2) one-third (1/3) of the person's applicable time.

14. In response to HEA 1120, Defendant and others developed and implemented Case Plan Credit Time Reviews (CPCT) (effective January 1, 2022).

15. The text of HEA 1120 references January 1, 2022, only one time. See, below:

---

1 House Enrollment Act.

2

(P) The Department of Correction shall before May 1, 2023, submit a report to the legislative council, in an electronic format under I.C. 5-14-6, concerning the implementation of the individualized case management plan. The report must include the following:

(2) The average number of days awarded to offenders participating in individualized case management plan from <u>January 1, 2022</u>, through December 31, 2022.

16. HEA 1120 became effective July 1, 2020, not <u>January 1, 2022</u>.

17. Defendant erred by using <u>January 1, 2022</u>, as the basis to calculate Plaintiff's maximum amount of earned credit time in lieu of calculating Plaintiff's earned credit time on their entire sentence.

18. The maximum amount of earned credit time that is available to Plaintiff's must be based on their "entire sentence", not the time that they had left on their sentence as of <u>January 1, 2022.</u>

19. At a minimum, Plaintiff's earned credit time must be based on the effective date of HEA 1120.

20. Case Plan Credit Time (CPCT) is an earned credit time cut structure that is driven by the needs indicated in the IRAS and incentivized through the individual case plan to <u>provide each individual the opportunity to earn the maximum credit time</u>, as allowed by law.

21. Offenders participating in the (CPCT) structure, with an (EPRD)[2] greater than six (6) years away from their incarceration start date, credit time may be awarded during the scheduled annual review. Offenders with six (6) years or less to their (EPRD) credit time may be awarded during three (3) scheduled reviews, this credit is based on participation and progress made related to the identified goals and objectives in the (CPCT) structure and case plan assessment.

22. Earned credit time under (CPCT) is based on a remedial statute (HEA 1120) that applies retroactively to effectuate the purpose for which the statute was enacted. I.E. The opportunity for each Offender to earn the maximum earned credit time as allowed by law.

---

2 Earliest Projected Release Date.

23. The Plaintiff was advised by his respective counselor that they could earn the entirety of the remaining earned credit time for which they were eligible under (CPCT) (two years).

24. The Plaintiff was urged by his respective counselor to sign a (CPCT) Review Packet.

25. The Plaintiff agreed to participate and signed a (CPCT) Review Packet.

26. Caseworkers and other staff put together a (CPCT) review packet, for the Plaintiff from their case plan goals, treatment plan, job performance, and program participation.

27. The Plaintiff was subsequently advised by their respective counselor that the maximum amount of earned credit time that he was eligible for under (CPCT) was (429) days.

30. The Plaintiff is eligible for a total of two (2) years earned credit time on their sentences.

31. Defendant erred when he calculated that the maximum amount of earned credit time Plaintiff are entitled to under (CPCT) is one-third (1/3) of the time left on their sentences as of January 1, 2022.

32. In response to Plaintiff's inquiries regarding (CPCT) the Department of Correction stated that: "There is not one policy adopted by the Department of Correction that contains information about the (CPCT) structure. The following policies had edits involving (CPCT):

| | |
|---|---|
| *Development and delivery of Programs, Pre-release, and Case Management* | 01-07-101 |
| *Adult Academic and technical Programs* | 01-01-101 |
| *United States Department of Labor Apprenticeship Programs* | 01-07-103 |
| *Adult Offender Classification* | 01-04-101" |

33. Adult Offender Classification Policy, A.P. 01-04-101, states:

f. ....Offenders admitted prior to January 1, 2022, who have earned a portion of their educational credit time <u>may earn the remainder of earned credit time for which they are eligible</u> by making progress towards an individualized case management plan. Id. at VII-16.

g. The maximum amount of credit time an offender may earn under this provision is the lesser of:

   (1)   For offenses committed prior to July 1, 2014:

      [a] Four (4) years; or,
      [b] One-third (1/3) of the offender's total applicable time

 (2) For offenses committed on July 1, 2014 or after:

  [a] Two (2) years; or,
  [b] One-third (1/3) of the offender's total applicable time

h. The amount of credit time to be earned is to be <u>based on the offender's entire sentence,</u> including any consecutive sentence. Id. at VII-17

34. There is no language in HEA 1120 or any Department of Correction policy regarding (CPCT) that defines one-third (1/3) of an offender's "total applicable time" as the time that an offender has left to serve on his sentence as of <u>January 1, 2022</u>. (As opposed to an offender's "entire sentence".)

35. Defendant knowingly erred when he defined "total applicable time" as the time an offender has left to serve on his sentence as of <u>January 1, 2022</u>. (As opposed to an offender's "entire sentence.")

36. Plaintiff's received less earned credit time under (CPCT) than similarly situated offenders despite the plain language of HEA 1120, and the Adult Classification Policy, A.P. 01-04-101.

37. Plaintiffs have exhausted their administrative remedies.[3]

38. At all times Defendant acted under the color of state law.

**Legal claim**

39. Plaintiff's incorporate by reference No. 1 thru 37.

40. Plaintiff's claims are properly brought under 42 U.S.C. § 1983, because they challenge the procedures by which their sentence is determined by Defendant.

41. Defendant knowingly and willfully prolonged the expiration of Plaintiff's sentences.

42. Defendant is "deliberately indifferent" to the deprivation of Plaintiff's earned credit time.

43. Plaintiffs have a state created "liberty interest" in earned credit time under (CPCT).

44. HEA 1120 is a remedial statute that has retroactive effect.

45. Defendant denied Plaintiffs the earned credit time to which they are entitled under law.

---

3 Plaintiff filed Classification Appeals to Central Office. (Classification issues are "non-grievable".)

46. Defendant denied Plaintiffs earned credit time, which similarly situated offenders received.

47. Defendant has knowingly and willfully deprived Plaintiffs of rights secured by the laws or Constitution of the United States in violation of the:

(a) Fourth Amendment right against illegal search and seizure: Defendant knowingly and willfully deprived Plaintiffs of their earned credit time under (CPCT) which constitutes an illegal seizure.

(b) Eighth Amendment right against cruel and unusual punishment: Defendant knowingly and willfully failed to take steps to correct the deprivation of Plaintiff's earned credit time under (CPCT) which unnecessarily prolonged their sentences which constitutes cruel and unusual punishment.

(c) Fourteenth Amendment right to due process and equal protection of law: Defendant knowingly and willfully deprived Plaintiff's earned credit time under (CPCT), while similarly situated offenders earned more credit time, which constitutes a violation of due process and equal protection of law.

**Request for relief**

48. WHEREFORE, Plaintiffs requests that this Honorable Court:

a. Accept jurisdiction of this case and set it for hearing.

b. Declare that the knowing and willful actions of Defendant violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights for the reasons noted above.

c. Declare that one-third (1/3) of an offender's "total applicable time" is defined as an offender's "entire sentence". (As opposed to how much time an offender has left as of January 1, 2022.)

d. Grant injunctive relief mandating that the calculation of Plaintiff's earned credit time under (CPCT) must be based on their "entire sentence" for the reasons noted above.

e. Award Plaintiffs their costs and fees pursuant to 42 U.S.C. § 1988.

f. Award Plaintiffs all other just and proper relief.

Eric D. Crum

*Eric Crum* 185128

6